***********
Upon review of the competent evidence of record, with reference to the errors assigned, and the briefs and oral arguments of the parties, the Full Commission finds that good grounds exist to Order this matter to mediation.
 ***********
On October 15, 2007, Plaintiff suffered a compensable work injury when he fell and fractured his left wrist while pursuing a suspect as a temporary, seasonal employee for Defendant at the North Carolina State Fair. Plaintiff provided security/law enforcement services for Defendant beginning in 2002. There was no contract between Plaintiff and Defendant to work any certain nights at the North Carolina State Fair. While working in this capacity, Plaintiff was off-duty from his regular employment with the Wake County Sheriff's Department as a deputy *Page 2 
sheriff. Prior to his October 15, 2007 work injury, Plaintiff also worked the previous night providing security/law enforcement services for Defendant.
Between October 2006 and October 2007, Plaintiff did not work for Defendant. In the 52 weeks preceding Plaintiff's October 15, 2007 work injury, he worked for Defendant on October 21, 2006 and October 22, 2006 for 12.5 hours at a pay rate of $23.17 per hour, which equaled $289.63. Plaintiff next worked for Defendant on October 14, 2007 and October 15, 2007 for 12.25 hours at a pay rate of $25.00 per hour, which equaled $306.25. Plaintiff's total wages with Defendant for the 52 weeks preceding his October 15, 2007 work injury were $595.88.
Defendant accepted the compensability of Plaintiff's October 15, 2007 work injury via a Form 60 dated October 25, 2007. Plaintiff received temporary total disability compensation from October 16, 2007 through December 12, 2007 at the minimum compensation rate of $30.00 per week. On June 11, 2008, the parties submitted a Form 21 for approval to the North Carolina Industrial Commission, which listed Plaintiff's compensation rate at the minimum of $30.00 per week, based upon an average weekly wage of $5.89. However, the North Carolina Industrial Commission did not approve the Form 21 due to the difficulty in determining the best way to compute Plaintiff's average weekly wage, and former Special Deputy Commissioner Kristi M. Bellamy referred the matter to a hearing before a Deputy Commissioner.
The North Carolina Industrial Commission did not order this matter to mediation. The parties conferred informally, but were unable to resolve the issue of the proper computation of Plaintiff's average weekly wage. At the hearing before the Full Commission, the panel hearing the matter encouraged the parties to continue to confer informally in an attempt to resolve the issue of the proper computation of Plaintiff's average weekly wage. However, appears that the *Page 3 
parties continue to be unable to resolve the issue of the proper computation of Plaintiff's average weekly wage.
Plaintiff contends that using the fourth (4th) method under N.C. Gen. Stat. § 97-2(5) would be fair and just to both parties because this would allow Plaintiff to earn nearly the approximate amount he would have earned but for the October 15, 2007 work injury, and Defendant would be paying Plaintiff approximately the same wages that they already contracted with him to pay. Defendant contends that The Deputy Commissioner properly concluded that Plaintiff's average weekly wage should be calculated using the fifth (5th) method under N.C. Gen. Stat. § 97-2(5), yielding a minimum compensation rate of $30.00, and that Plaintiff's compensation rate must be based only upon his average weekly wages earned in the employment giving rise to the October 15, 2007 work injury.
Upon further review, the Full Commission, in its discretion, deems a mediated settlement conference to be appropriate at this juncture and refers the case to mediation as provided herein.
Therefore, the Full Commission hereby ORDERS that this matter be referred to a mediated settlement conference pursuant to the Rules for Mediated Settlement Conferences of the North Carolina Industrial Commission. The parties shall have 90 days from the entry of this Order in which to hold a mediated settlement conference and to report the outcome of said conference to the Full Commission. Defendant shall select someone with the power to resolve this matter to attend the mediated settlement conference. Should settlement negotiations fail between the parties in whole or in part, the parties shall notify the Full Commission so that it may proceed with the disposition of the case.
This the __ day of December 2009. *Page 4 
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER